56 N.Y.2d 733 (1982)
Walter J. Wharram, Jr., et al., Doing Business as Commercial Collision, Appellants,
v.
City of Utica et al., Respondents.
Court of Appeals of the State of New York.
Argued March 22, 1982.
Decided May 11, 1982.
Daniel S. Cohen for appellants.
Lawrence P. George, Corporation Counsel (Angelo N. Felice of counsel), for respondents.
Judges JASEN, GABRIELLI, JONES, FUCHSBERG and MEYER concur; Judge WACHTLER dissents and votes to affirm in a memorandum in which Chief Judge COOKE concurs.
*734 MEMORANDUM.
The order of the Appellate Division should be reversed, with costs, and the matter should be remitted with direction to enter judgment declaring section 17-26.1 of the Ordinances of the City of Utica invalid because in violation of section 80 of the General Municipal Law.
The city argues that its ordinance does not violate the section but has not contested its applicability to the facts of this case. The section voids "any restriction" by municipal ordinance or regulation of the carrying on of business by nonresidents, which restriction "shall not be necessary for the proper regulation of such * * * business." Section 17-26.1 of the Ordinances of the City of Utica establishes a rotational towing service list which the police department uses to call tow trucks to the scene of accidents as needed. *735 Plaintiffs, individuals doing business under an assumed name, whose place of business is four tenths of a mile outside the city limits, have been excluded from the police department list, as a result of which they are never called by the police to the scene of an accident and, although they are not prevented from accepting tow jobs within the city, are not permitted to come within 100 feet of an accident scene.
The issue under section 80 is not whether there is a reasonable ground for such a restriction of nonresident tow truck operators but whether such a restriction is necessary. It was the burden of the municipality, which conceded that nonresidents were excluded from the rotational list, to go forward with evidence establishing necessity. However, the record contains no evidence to sustain Trial Term's conclusion of law that the restriction against non-residents was necessary for the proper regulation of police business. It was, therefore, error to grant judgment to the city declaring that the section of the ordinance in question was not in violation of section 80 of the General Municipal Law and not to grant judgment to plaintiffs making the contrary declaration.
WACHTLER, J. (dissenting).
I would dissent and affirm the order of the Appellate Division.
The rotational towing service list established by section 17-26.1 does not in any manner prohibit appellants from carrying on their towing business within the city. Moreover, nothing in the ordinance prohibits appellants from being present at an accident scene and soliciting business as long as they remain 100 feet away until the police have had an opportunity to investigate the incident. The ordinance simply establishes a geographical boundary as an eligibility prerequisite to appear on an emergency service list. That boundary is certainly reasonably related to time and distance factors. Additionally, the ordinance was designed to prevent traffic congestion at accident scenes by avoiding the presence of unnecessarily numerous towing operators.
Thus the ordinance serves various legitimate public safety functions without prohibiting or restricting nonresidents from conducting business within the municipality. *736 Section 80 of the General Municipal Law was never intended to prohibit an ordinance which fulfills this type of limited and obviously useful purpose.
Order reversed, with costs, and case remitted to Supreme Court, Oneida County, for entry of judgment in accordance with the memorandum herein.